UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELANIE VIRGINIA TORRES, | |
| plaintiff, | |
| v. | CASE NO. 3:18-cv-01485(RAR) |
| NANCY A. BERRYHILL,[1] ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| defendant. | |

## RULING ON PENDING MOTIONS

Melanie Virginia Torres ("plaintiff") appeals the final decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Commissioner denied plaintiff's application for Social Security Disability Benefits in a decision dated June 22, 2018. Plaintiff timely appealed to this court. Currently pending are plaintiff's motion for an order reversing and remanding her case for a hearing (Dkt. #17-1) and defendant's motion to affirm the decision of the Commissioner. (Dkt. #21-1.)

---

[1] Andrew Saul is the new Commissioner of Social Security and has been added as a party to this action automatically.

For the reasons that follow, the plaintiff's motion to reverse, or in the alternative, remand is GRANTED and the Commissioner's motion to affirm is DENIED.

**STANDARD**

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, the court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. Id.; Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching her conclusion, and whether the decision is supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

Therefore, absent legal error, this court may not set aside the decision of the Commissioner if it is supported by substantial evidence. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Further, if the Commissioner's decision is supported by substantial evidence, that decision will be

2

sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

The Second Circuit has defined substantial evidence as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a scintilla or touch of proof here and there in the record." Williams, 859 F.2d at 258.

The Social Security Act ("SSA") provides that benefits are payable to individuals who have a disability. 42 U.S.C. § 423(a)(1). "The term 'disability' means . . . [an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1). In order to determine whether a claimant is disabled within the meaning of the SSA, the ALJ must follow a five-step evaluation process as promulgated by the Commissioner.[2]

---

[2] The five steps are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him or her disabled,

3

In order to be considered disabled, an individual's impairment must be "of such severity that he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). "[W]ork which exists in the national economy means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." Id.[3]

## PROCEDURAL HISTORY

Plaintiff initially filed for disability insurance benefits under Title II on November 16, 2009. (R. 181.)[4] Plaintiff alleged a disability onset date of April 20, 2000. (R. 181.) At the time of application, plaintiff alleged that she suffered

---

without considering vocational factors such as age, education, and work experience; (4) if the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform. The Commissioner bears the burden of proof on this last step, while the claimant has the burden on the first four steps. 20 C.F.R. § 416.920(a)(4)(i)-(v).

[3] The determination of whether such work exists in the national economy is made without regard to: 1) "whether such work exists in the immediate area in which [the claimant] lives;" 2) "whether a specific job vacancy exists for [the claimant];" or 3) "whether [the claimant] would be hired if he applied for work." Id.

[4] The Court cites pages within the administrative record as "R. ___."

4

from fibromyalgia, lupus, Sjogren's syndrome, and migraines. (R. 98.) The initial application was denied on January 14, 2010, and again upon reconsideration on March 17, 2010. (R. 98-101, 106-108). Plaintiff then filed for an administrative hearing which was held by ALJ Kim K. Griswold on February 3, 2011. (R. 34-74.) The ALJ issued an unfavorable decision on February 25, 2011. (R. 13-28.) The Decision Review Board selected plaintiff's claim for review and issued a decision on May 27, 2011 affirming ALJ Griswold's decision. (R. 1-4, 13.)

On March 2, 2012, upon judicial review, plaintiff's case was remanded. (R. 1107.) The Appeals Counsel then remanded plaintiff's case to ALJ Griswold on April 6, 2012. (R. 1114-18.) ALJ Griswold held a second hearing on June 20, 2013 and issued an unfavorable decision on September 27, 2013. (R. 998-1021; 1030-80.)

Upon a second judicial review, plaintiff's case was remanded on March 29, 2016. (R. 1757.) On June 19, 2017, the Appeals Council remanded plaintiff's case to ALJ Ryan A. Alger (hereinafter the "ALJ"). (R. 1758-60.) The ALJ held a hearing on May 15, 2018 and issued an unfavorable decision on June 22, 2018. (R. 1593-1616; 1678-1709.) Plaintiff then filed this action seeking judicial review. (Dkt. #17-1.)

5

**DISCUSSION**

Plaintiff asserts that the ALJ's opinion is not supported by substantial evidence; the ALJ failed to adequately develop the record; and that the ALJ violated the treating physician rule by assigning little weight to the opinions of Advanced Practice Registered Nurse ("APRN") Wisniewski and Doctors Brumberger, Manning, and Vice-Hlavacek. (Pl. Br. 1-11, 14.) Based on the following, the Court finds that the ALJ did not violate the treating physician rule, but the ALJ's evaluation of Dr. Manning's opinion is not supported by substantial evidence. The Court reverses without considering the remaining arguments.

I. The ALJ Did Not Violate the Treating Physician Rule

Plaintiff asserts that the ALJ violated the treating physician rule by assigning little weight to the opinions of Doctors Brumberger, Manning, and Vice-Hlavacek and APRN Wisniewski. (Pl. Br. 1-11, 14.) Plaintiff asserts that each of these individuals is a treating physician and therefore his or her opinion is entitled to controlling weight. (Pl. Br. 2.) The Court finds that while Dr. Manning is not a treating physician, the ALJ's evaluation of Dr. Manning's opinion is not supported by substantial evidence.

The medical opinions of treating physicians are generally given more weight than other evidence. The treating physician rule stipulates that "the opinion of a claimant's treating

6

physician as to the nature and severity of the impairment is given 'controlling weight' as long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2)); see also Mariani v. Colvin, 567 F. App'x 8, 10 (2d Cir. 2014) ("A treating physician's opinion need not be given controlling weight where it is not well-supported or is not consistent with the opinions of other medical experts" where those other opinions amount to "substantial evidence to undermine the opinion of the treating physician").

"The regulations further provide that even if controlling weight is not given to the opinions of the treating physician, the ALJ may still assign some weight to those views, and must specifically explain the weight that is actually given to the opinion." Schrack v. Astrue, 608 F. Supp. 2d 297, 301 (D. Conn. 2009) (citing Schupp v. Barnhart, No. Civ. 3:02CV103(WWE), 2004 WL 1660579, at *9 (D. Conn. Mar. 12, 2004)). It is "within the province of the ALJ to credit portions of a treating physician's report while declining to accept other portions of the same report, where the record contain[s] conflicting opinions on the same medical condition." Pavia v. Colvin, No. 6:14-cv-06379

(MAT), 2015 WL 4644537, at *4 (W.D.N.Y. Aug. 4, 2015) (citing Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002)).

In determining the amount of weight to give to a medical opinion, the ALJ considers the examining relationship, the treatment relationship, the length of treatment, the nature and extent of treatment, evidence in support of the medical opinion, consistency with the record, specialty in the medical field, and any other relevant factors. 20 C.F.R. § 404.1527. It is generally appropriate to "give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 416.927(c)(5).

After considering these factors, "the ALJ must 'comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion.'" Greek v. Colvin, 802 F.3d 370, 375 (2d Cir. 2015) (citing Burgess, 537 F.3d at 129) (alteration in original). The ALJ may not simply substitute his own judgment for that of the treating physician, and failure to provide good reasons for the weight given to a treating physician's opinion is grounds for remand. Id. However, it is sufficient that the ALJ substantively reference the rule and provide good reason for not assigning a plaintiff's treating physician controlling weight. Crowell v. Comm'r of SSA, 705 Fed. Appx. 34, 35 (2d Cir. 2017).

a. *The ALJ's Evaluation of the Opinion of Dr. Vice-Hlavacek did not Violate the Treating Physician Rule and is Supported by Substantial Evidence.*

Plaintiff asserts that the ALJ violated the treating physician rule by assigning Dr. Vice-Hlavacek's opinion little weight. The ALJ supported his determination by asserting that Dr. Vice-Hlavacek's opinion was inconsistent with the record. (R. 1603-04.) Plaintiff asserts that the ALJ's determination was grounded in a misapplication of Dr. Steven Kahn's opinion. (Pl. Br. 10.) Based on the following, the Court concludes that the ALJ's determination did not violate the treating physician rule and was supported by substantial evidence.

A physician who does not treat the plaintiff during the period between her alleged onset date and DLI does not qualify as a treating physician. Monette v. Astrue, 269 Fed. Appx. 109, 112–13 (2d Cir. 2008) (citing Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000)). However, "[t]he fact that a treating physician did not have that status at the time referenced in a retrospective opinion does not mean that the opinion should not be given some, or even significant weight. Indeed, we have regularly afforded significant weight to such opinions." Monette, 269 Fed. Appx. at 113.

However, where substantial evidence in the record demonstrates that the opinion is inconsistent with the record, the ALJ does not err by refusing to accord the later treating

physician significant weight.  Id. (citing Dousewicz v. Harris, 646 F.2d 771, 774 (2d Cir. 1981)).

Dr. Vice-Hlavacek began treating plaintiff on January 6, 2011 — ten years after plaintiff's date of last insured ("DLI"). (R. 1340.)  Because Dr. Vice-Hlavacek did not treat plaintiff between her onset date (April 15, 2014) and her DLI(December 31, 2001), Dr. Vice-Hlavacek is not a treating physician.

As a later treating physician, Dr. Vice-Hlavacek's opinion is entitled to significant weight if her opinion is consistent with the record and is supported by medically accepted clinical diagnostic techniques.  See Dousewicz, 646 F.2d at 774.  The ALJ assigned Dr. Vice-Hlavacek's opinion little weight because Dr. Vice-Hlavacek did not begin treating plaintiff until a decade after plaintiff's DLI and because the ALJ determined that Dr. Vice-Hlavacek's opinion was inconsistent with the record.  (R. 1605.)

Substantial evidence supports the ALJ's determination that Dr. Vice-Hlavacek's opinion is inconsistent with the record.  In 2011, Dr. Vice-Hlavacek stated that plaintiff suffers from post-traumatic stress disorder ("PTSD") and major depressive disorder.  (R. 1340.)  In 2013, Dr. Vice-Hlavacek opined that plaintiff has experienced moderate to marked limitations in various areas, including carrying out complex tasks and responding to changes in work routines since April 2000.  (R.

1479–1482.)  While a diagnosis made several years after the plaintiff's alleged onset date is not in itself sufficient to discount the weight given to the opinion of Dr. Vice-Hlavacek, the ALJ noted that plaintiff did not seek treatment for any mental impairments during the period between her onset date and her DLI.  See Dousewicz, 646 F.2d at 774.  (R. 1605.)  Further, in June 2002, Dr. Kahn stated that plaintiff had reported only "modest depression" and that plaintiff "feel[s] down sometimes over her situation, [but] other time she copes reasonably well." (R. 348–349.)

In Arnone v. Bowen, 882 F.2d 34, 40 (2d Cir. 1989), the plaintiff was treated by Dr. Liebman over a thirteen-year period but was not treated between the plaintiff's onset date and DLI. In 1988, eleven years after plaintiff's DLI, Dr. Liebman drafted a letter stating that the plaintiff was disabled as of June 1987 with a disability present in 1975.  Id. at 41.  The Second Circuit afforded Dr. Liebman's letter some deference but rejected Dr. Liebman's opinion as inconsistent with the record. Id. at 40–41.  Dr. Liebman's opinion did not include any medical data and the plaintiff failed to offer any evidence supporting the opinion.  Id. at 41.

Much like the situation in Arnone, Dr. Vice-Hlavacek stated that her assessment of plaintiff's abilities was based on Dr. Vice-Hlavacek's later formed opinion and observations.  (R.

1482.)  Similarly, plaintiff fails to present any evidence during the relevant period demonstrating that she suffered from depression.  See (Pl. Br. 10-11.)  Plaintiff points out that Dr. Kahn's opinion does not completely rule out that plaintiff was depressed — six months after her DLI.  (Pl. Br. 10-11.)  Without more, plaintiff has failed to demonstrate that such relevant evidence precludes a reasonable mind from finding that Dr. Vice-Hlavacek's opinion was inconsistent with the record and therefore that the ALJ's determination is unsupported by substantial evidence.  <u>Williams on Behalf of Williams v. Bowen</u>, 859 F.2d 255, 258 (2d Cir. 1988).  Therefore, the ALJ's determination with respect to Dr. Vice-Hlavacek's opinion is supported by substantial evidence.

  b. *The ALJ's Evaluation of the Opinions of Dr. Brumberger and APRN Wisniewski Did Not Violate the Treating Physician Rule.*

Plaintiff asserts that the ALJ violated the treating physician rule by assigning little weight to the opinions of Dr. Brumberger and APRN Wisniewski.  The Court disagrees.

Dr. Brumberger and APRN Wisniewski opined that plaintiff could occasionally lift up to 10 lbs, could not sit, stand, or walk for more than 30 minutes, and could never reach overhead. (R. 958-63.)  They further opined that plaintiff could climb a few steps, shop without assistance, attend to her own personal hygiene, and prepare her own meals.  (R. 963.)

12

The ALJ assigned the opinions of Dr. Brumberger and APRN Wisniewski little weight. (R. 1604.) Dr. Brumberger and APRN Wisniewski treated plaintiff during both the period between her onset date (April 15, 2014) and her DLI (December 31, 2001) and beyond. (R. 322, 343-47.) Dr. Brumberger and APRN Wisniewski are treating physicians and their opinions should be accorded controlling weight unless their opinions are inconsistent with the record. Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008).

The ALJ referenced the treating physician rule in substance rather than explicitly. The ALJ discussed the nature and length of the treating relationship, the consistency of the opinions with the record, and evidence inconsistent with the opinions. The ALJ rejected the opinions because they were drafted years after plaintiff's DLI and were inconsistent with the record. (R. 1604.)

A diagnosis made several years after the plaintiff's alleged onset date is not in itself sufficient to discount the weight given to the opinion of a physician. See Dousewicz v. Harris, 646 F.2d 771, 774 (2d Cir. 1981)(quoting Stark v. Weinberger, 497 F.2d 1092, 1097 (7th Cir. 1974)). "Such a diagnosis must be evaluated in terms of whether it is predicated upon a medically accepted clinical diagnostic technique and whether considered in light of the entire record, it establishes

13

the existence of a physical impairment prior to" plaintiff's DLI. Dousewicz, 646 F.2d at 774 (quoting Stark, 497 F.2d at 1097)(internal quotation marks omitted).

After noting the significant time period between the opinions and plaintiff's DLI, the ALJ examined the inconsistencies of the opinion with the record. The ALJ noted that the opinions of Dr. Brumberger and APRN Wisniewski claimed to date back to 2000 but included impairments that had not been diagnosed at that time. (R. 1584, 1604.) Although in 2013, Dr. Brumberger assessed additional diagnosis including hypothyroidism and possible autoimmune diseases which were not diagnosed until 2002, Dr. Brumberger's opinion and APRN Wisniewski's opinion merely stated that "multiple diagnosis's [and] symptoms" listed were present in 2000. (R. 820, 852, 1584.) Their opinions are consistent with the timeline of the medical evidence.

Dr. Brumberger and APRN Wisniewski opined that there were extreme limitations but also found that plaintiff could climb a few steps, shop without assistance, attend to her own personal hygiene and prepare her own meals. (R. 963.) Further, the ALJ stated that the record demonstrated intact strength, intact atrophy, symmetrical reflexes, intact sensation, stable Romberg testing, and negative imagining findings. (R. 283-287, 303, 304, 458, 727, 1604.)

14

The ALJ provided good reason for not affording the opinions of APRN Wisniewski and Dr. Brumberger controlling weight based on the inconsistencies in the record. Therefore, the ALJ did not violate the treating physician rule with respect to the opinions of Dr. Brumberger and APRN Wisniewski.

- c. *The ALJ's Evaluation of Dr. Manning's Opinion Did Not Violate the Treating Physician Rule. However, it is not Supported by Substantial Evidence.*

Plaintiff asserts that the ALJ violated the treating physician rule when he assigned Dr. Manning's opinion little weight. (Pl. Br. 9-10.) Plaintiff asserts that because Dr. Manning treated her eight months after her DLI, Dr. Manning is a treating physician and his opinion should be afforded controlling weight. (Pl. Br. 9.) The Court concludes that the ALJ did not violate the treating physician rule. However, the ALJ's determination is not supported by substantial evidence.

A physician who does not treat the plaintiff during the period between her alleged onset date and DLI does not qualify as a treating physician. Monette v. Astrue, 269 Fed. Appx. 109, 112-13 (2d Cir. 2008) (citing Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000)). However, "the fact that a treating physician did not have that status at the time referenced in a retrospective opinion does not mean that the opinion should not be given some, or even significant weight. Indeed, we have

15

regularly afforded significant weight to such opinions." Monette, 269 Fed. Appx. at 113.

Plaintiff first saw Dr. Manning eight months after her DLI on August 1, 2002. (R. 1434-36.) Plaintiff did not see Dr. Manning again until 2010. See (R. 1429-36); (Pl. Br. 9-10.) Dr. Manning does not qualify as a treating physician because Dr. Manning did not treat plaintiff during the period between her onset date (April 15, 2014) and her DLI (December 31, 2001).

As a later treating physician, Dr. Manning is entitled to significant weight if his opinion is consistent with the record and supported by medically accepted clinical diagnostic techniques. See Dousewicz, 646 F.2d at 774. The ALJ determined that Dr. Manning's opinion was vague and did not opine on the relevant time period and therefore was not entitled to significant weight.

In 2013, Dr. Manning opined that plaintiff had fibromyalgia or evolving fibromyalgia in 2000 and 2001. (R. 1591.) Dr. Manning could not offer any description as to the limitation imposed by plaintiff's fibromyalgia during that time and explained that he does not know if plaintiff was disabled at that time. (R. 1591.)

The ALJ did not examine the consistency of Dr. Manning's opinion with the record. The ALJ merely discounted the opinion because it was vague. The ALJ must recontact a treating

physician when the opinion is vague.  Selian v. Astrue, 708 F.3d 409, 421 (2d Cir. 2013).  However, the failure to do so does not require remand *per se*.  Remand is not required where "the record was sufficiently complete for the ALJ to make a substantially supported RFC determination."  Moreau v. Berryhill, No. 3:17-CV-00396 (JCH), 2018 WL 1316197, at *12 (D. Conn. Mar. 14, 2018).  Such is the case here.

Dr. Manning was one of nine medical professionals to offer opinions as to the limitations from which plaintiff suffered.  (R. 1604-05.)  Further, Dr. Manning is not a treating physician for social security purposes and is not accorded the same deference as a treating physician.  Finally, the ALJ was able to review the opinions of physicians who examined the plaintiff during the relevant period and offered opinions as to the plaintiff's limitations.  Therefore, the ALJ's failure to recontact Dr. Manning was harmless error.

However, because the ALJ's determination failed to address the consistency of Dr. Manning's opinion with the record, it is not supported by substantial evidence.  Therefore, the Court must remand.  The ALJ must examine Dr. Manning's opinion based on its consistency with the record and support of medically accepted clinical diagnostic techniques.  The ALJ should recontact Dr. Manning for clarity on his opinion to fully develop the record.

**CONCLUSION**

Based on the foregoing reasons, plaintiff's motion for an order to remand the Commissioner's decision (Dkt. #17-1) is GRANTED and the Commissioner's motion to affirm that decision (Dkt. #21-1) is DENIED.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. See 28 U.S.C. § 636(c)(3).

SO ORDERED this 3rd day of January 2020, at Hartford, Connecticut.

/s/
Robert A. Richardson
United States Magistrate Judge